IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLOTTE LOPRETE, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| CREATIVE CIRCLE, LLC AND THE ) | |
| HOME DEPOT, INC., ) | |
| ) | |
| Defendants. ) | |
| _____ | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Charlotte Loprete ("Loprete" or "Plaintiff") by and through undersigned counsel, and files her Complaint for Damages against Defendants Creative Circle, LLC ("Creative Circle") and The Home Depot, Inc. ("Home Depot"), (collectively "Defendants") and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for discrimination based on sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.*

1

## JURISDICTION

2.

This Court has jurisdiction, including supplemental jurisdiction, over Plaintiff's claims.

## VENUE

3.

The unlawful employment practices alleged in this Complaint were committed within this district. Thus, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff Loprete is a female and at all times relevant to this matter was employed by Defendants, and at all times relevant hereto, Defendants have been Plaintiff's employer.

5.

Defendant Creative Circle is a California corporation with its principal office located at 5900 Wilshire Blvd, 11th Floor, Los Angeles, CA 90036. At all times relevant to this action, Defendant has been doing business within this district.

6.

Defendant Creative Circle can be served by its Registered Agent, CT Corporation System, 289 S. Culver St., Lawrenceville, Gwinnett County, GA 30046.

7.

Defendant Home Depot is a Delaware corporation with its principal office located at 2455 Paces Ferry Road, Atlanta, GA 30339. At all times relevant to this action, Defendant has been doing business within this district.

8.

Defendant Home Depot can be served by its Registered Agent, CSC of Cobb County, Inc., 192 Anderson Street S.E., Suite 125, Marietta, Cobb County, GA 30060.

9.

At all times mentioned herein, before and after, the persons responsible for perpetrating Plaintiff's discriminatory actions were agents, servants and employees of Defendants and were at all such times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendants and/or their actions were ratified by Defendants, thus making Defendants liable for said actions.

10.

At all relevant times to the facts set forth in this Complaint, separate defendants were acting as joint employers in either a joint venture capacity and undertaking to execute a common business purpose with a mutual right of control; integrated enterprise; or were successors in interest.

## ADMINISTRATIVE PROCEDURES

11.

Ms. Loprete timely filed a charge of discrimination against Defendants with the Equal Employment Opportunity Commission (EEOC) on or about March 29, 2018.

12.

The EEOC issued a "Notice of Right to Sue" on October 9, 2018, entitling an action to be commenced within ninety (90) days of receipt of that notice.

13.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

14.

Defendant Creative Circle, at all times relevant hereto, has been Plaintiff's employer.

15.

Defendant Creative Circle hired Ms. Loprete for employment in January 2016 as a Contract Web Designer.

16.

In June 2016, Ms. Loprete began working on site for Defendant Home Depot, one of Defendant Creative Circle's largest clients.

17.

Ms. Loprete was highly competent and responsible in her role, and during an employee evaluation received the highest possible score of "Exceeds Expectations" from her Manager, Eli Ferrer.

18.

On or about October 4, 2017, during normal business hours, Ms. Loprete overhead a group of colleagues huddled around Manager Pete Subowicz's desk discussing a well-known female coworker who had recently left the company.

19.

The comments Ms. Loprete overheard ranged from banal to derogatory, including suggestions to visits her various social media pages, which coincided with laughter and negative remarks about her attractive physical appearance and tight clothing.

20.

At that moment, Ms. Loprete messaged Mr. Subowicz using her "Slack" office messaging system to privately express her feelings that their behavior was inappropriate.

21.

Ms. Loprete had no further contact with Mr. Subowicz that day.

22.

On or about October 5, 2017, Ms. Loprete received a call from Defendant Creative Circle's recruiter who represented Loprete at Home Depot, Gabriella Baetti.

23.

Ms. Baetti advised Ms. Loprete that Mr. Subowicz had contacted Baetti to express that Loprete was no longer suitable to work in the Home Depot office, and no longer a candidate for either a raise or promotion.

24.

Ms. Loprete immediately contacted Mr. Ferrer to let him know of the extreme change of circumstances with her Home Depot employment and her Manager's message.

25.

Mr. Ferrer did not act on Ms. Loprete's report.

26.

On or about October 5, 2017, Ms. Loprete was told to submit her two weeks' notice to Defendant Home Depot, which was addressed to Mr. Ferrer.

27.

Ms. Loprete did not receive any further contact from Gabriella Baetti, Peter Subowicz or Eli Ferrer.

28.

Following Ms. Loprete's termination from Defendant Home Depot, a team meeting was held to explain Ms. Loprete's sudden absence from work.

29.

During this meeting, Ms. Loprete's name and professional reputation were slandered.

30.

Following Ms. Loprete's termination from Defendant Home Depot, Loprete was offered an interview through Defendant Creative Circle with another well-known company.

31.

Ms. Loprete's interview was abruptly terminated by Vice President Janis Altshuler, who entered the room brandishing a printed screenshot of Ms. Loprete's personal Gmail account notes.

32.

Ms. Loprete reported the recruiter at Defendant Creative Circle to express her discontent with the interview experience.

33.

On or about October 31, 2017, Ms. Loprete formally disengaged with Defendant Creative Circle.

34.

Defendants Home Depot and Creative Circle created and/or ratified a hostile work environment that Ms. Loprete was required to endure as a condition of employment.

35.

Defendant Home Depo chose not to take reasonable steps to prevent the hostile work environment from occurring, despite its knowledge of its employees' propensity for sexual harassment.

36.

Defendants Home Depot and Creative Circle failed to take appropriate remedial actions to correct the sexual harassment.

37.

Defendant Home Depo was aware that its employees were sexually harassing Ms. Loprete.

38.

Defendants Home Depot and Creative Circle did not investigate nor take any corrective actions to eliminate the sexual harassment and hostile work environment against Ms. Loprete.

39.

The sexual harassment was severe or pervasive, altering the terms and conditions of Ms. Loprete's employment, including loss of pay opportunities as a result of the constructive discharge(s).

40.

Defendants Home Depot and Creative Circle fostered and created a hostile work environment that Ms. Loprete was required to endure as a condition of employment.

## **CLAIMS FOR RELIEF:**

## **COUNT I**
**COUNT I: SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 (Hostile Environment Claim)**

41.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

42.

Plaintiff is a member of a protected class, i.e. she is a woman.

43.

Plaintiff was subjected to severe, pervasive and unwelcomed sexual harassment because of her sex.

44.

The sexual harassment was sufficiently severe and pervasive to alter the terms and conditions of employment and created a discriminatorily abusive working environment.

45.

Defendants are liable for the sexual harassment of Plaintiff under a theory of vicarious or direct liability.

46.

Defendants have willfully and wantonly disregarded Plaintiff's rights, and Defendants' discrimination against Plaintiff was undertaken in bad faith.

47.

As a direct and proximate result of Defendants' violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

48.

Accordingly, Defendants are liable for the damages Plaintiff has sustained as a result of Defendants' unlawful discrimination. Plaintiff is entitled to recover compensatory damages, including damages for emotional distress.

49.

Defendants acted with malice and in reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to punitive damages. Plaintiff is also entitled to attorneys' fees and costs, prejudgment interest, lost wages, and any other relief available under the law.

## COUNT II:
## RETALIATION VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

50.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

51.

Plaintiff's complaints and opposition to sexual harassment/gender discrimination constitute protected activity under Title VII.

52.

Defendants subjected Plaintiff to adverse actions (to wit, retaliating in response to her complaint of harassment and terminating her employment) because of her protected conduct. The adverse actions to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

53.

There was a causal connection between the protected conduct of reporting the harassment and terminating her employment.

54.

As a direct and proximate result of Defendants' violations, Plaintiff has suffered economic and non-pecuniary damages.

55.

Defendants willfully and wantonly disregarded Plaintiff's rights, and their actions toward Plaintiff were undertaken in bad faith.

56.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest, reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57.

Defendants' conduct was extreme and outrageous.

58.

Defendants' intended to inflict severe emotional distress or knew that it was a high probability that the conduct would do so.

59.

Defendants' conduct actually caused severe emotional distress.

60.

Defendants are liable for all general and special damages proximately resulting from the intentional infliction of emotional distress.

**WHEREFORE**, Plaintiff requests judgment as follows:

(a)  General damages for mental and emotional suffering caused by Defendants' misconduct;

(b)  Punitive damages based on Defendants' willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c)  Special damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorney's fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g)  All other relief to which he may be entitled.

Respectfully submitted the 10th day of January, 2019.

**BARRETT & FARAHANY**

s/AJ Lakraj_____
Adeash "AJ" Lakraj
Georgia Bar No. 444848
Attorney for Plaintiff Charlotte Loprete

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
ajlakraj@justiceatwork.com